UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STAFFNEY,

    Plaintiff,

  v.

                                Case No. 2:22-cv-12820

                                Hon. George Caram Steeh

STEPHEN D. COLE, et. al.,

    Defendants.
_____/

**<u>OPINION AND ORDER DENYING APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES
AND COSTS AND DISMISSING COMPLAINT</u>**

This matter is before the Court on plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Chippewa Correctional Facility in Kincheloe, Michigan. Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) indicates that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th

- 1 -

Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $ 52.00 administrative fee, when he filed his complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), provides prisoners the ability to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A review of federal court records indicates that plaintiff has at least three prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Staffney v. Cohle, et al*., No. 2:16-cv-131 (W.D. Mich. Jun. 28, 2016); *Staffney v. Allen, et al.*, No. 1:97-cv-891 (W.D. Mich. Jun. 18, 1998); *Staffney v. Benson*, 4:96-cv-55 (W.D. Mich. March 12, 1996); *Staffney v. Caruso, et al.*, No. 2:95-cv-98 (W.D. Mich. Mar. 20, 1995); *Staffney v. Glynn*, No. 1:94-cv-56 (W.D. Mich. Feb. 11, 1994). Plaintiff has subsequently been denied leave to proceed *in forma pauperis* on at least five occasions based on these prior dismissals. *See Staffney v.*

*Unknown Part(y)(ies)*, No. 2:21-cv-43 (W.D. Mich. Mar. 16, 2021); *Staffney v. Washington, et al.*, No. 2:20-cv-133 (W.D. Mich. Aug. 11, 2020); *Staffney v. Palmer, et al.*, No. 1:17-cv-403 (W.D. Mich. May 10, 2017); *Staffney v. Lewis,* No. 12-cv-10524 (E.D. Mich. Feb. 27, 2012); *Staffney v. Bayne, et al.*, No. 4:04-cv-41 (W.D. Mich. Apr. 12, 2004).

Under the PLRA, a federal court may dismiss a case if, on 3 or more prior occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit unless there is an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. The federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485-86 (6th Cir. 2005).

Plaintiff has at least five prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted.  The fact some of plaintiff's cases were dismissed prior to the enactment of the PLRA does not mean that it cannot be used to deny plaintiff permission to proceed without prepayment of fees or costs. There is no impermissible effect in applying the three strikes provision contained in § 1915(g) to complaints filed prior to April 26, 1996, the enactment date of the PLRA. *See Wilson v. Yaklich*, 148 F.3d 596, 602-03 (6th Cir. 1998).  Dismissals of prior actions entered prior to the effective date of the PLRA may thus be counted towards the "three strikes" allowed inmates under the PLRA to preclude an inmate from proceeding *in forma pauperis* in a civil action. *Id.* at 604.

Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his five prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x 470, 472 (6th Cir. 2002).  Although plaintiff alleges that he has wrongfully convicted, plaintiff's claim that he is unlawfully imprisoned does not satisfy the imminent danger exception of the three-strikes rule. See *LeBlanc v.*

*Kalamazoo Police Dep't*, No. 1:17-CV-999, 2017 WL 6379659, at *2 (W.D. Mich. Dec. 14, 2017). Plaintiff's challenges to the processes that lead to his criminal conviction "do not raise the danger of physical harm" so as to come within the imminent danger exception for § 1915(g). *See Childress v. Quisenberry,* 2:11–CV–12096, 2011 WL 5166433, *2 (E.D. Mich. Oct. 31, 2011). The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 F. App'x 560, 562 (6th Cir. 2011). Plaintiff's allegations fail to show that there is any imminent danger of death or serious physical injury that is contemporaneous with the filing of this complaint.

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, pursue any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Plaintiff has three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim; 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court cannot certify that any appeal would be in good faith.

## ORDER

IT IS HEREBY **ORDERED** that:

(1) the plaintiff's *in forma pauperis* status is **DENIED** and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

(2) Any appeal taken by the plaintiff would not be done in good faith.

Dated:  January 5, 2023

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 5, 2023, by electronic and/or ordinary mail and also on Harold Staffney #122425, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Brianna Sauve
Deputy Clerk